CUMBERLAND & OHIO RAILROAD COMPANY, ET AL., *v.* W. B. HARRISON, ET AL.

[Abstract Kentucky Law Reporter, Vol. 1—411.]

**Debts of a Dissolved Corporation.**

> The dissolution of a railroad corporation does not relieve it from the payment of its debts, but a corporation succeeding to the ownership of such debtor may be made to give up enough of such assets to satisfy such debts.

APPEAL FROM MARION CIRCUIT COURT.

November 20, 1880.

OPINION BY JUDGE PRYOR:

The dissolution of the corporation known as the Cumberland & Ohio R. Co. did not relieve it from the payment of its debts, and after the line of its road had been severed and two distinct corporations created, claiming to own the property rights of the old corporation, it was proper to permit the southern division of the road to defend the action, as the property attached seems to have been claimed by them. If no interest exists on the part of the southern division it has no rights to be determined in this case. The notice of the employment and the writing embracing all its terms is admitted by both the appellants and the appellees; that they performed the services and complied with their undertaking in every particular is clearly established, and if bonds were not issued subsequent to the employment of the appellees as attorneys it was the fault of the appellants, and not that of the appellees. The only question really to be considered in this case is whether this contract between the corpo-

ration and the attorneys was or not champertous? If so, no recovery can be had.

The effect of the injunction and object of the litigation was to restrain the county court of Washington county from issuing any more bonds on the subscription made to the capital stock of the corporation by Washington county. If the contract is to be construed so as to give to the attorneys in payment of their services the bonds of the county, to be thereafter issued in the event the subscription is held valid, it must be regarded as champertous and void. But are these the terms of the contract, and is this court compelled by reason of its letter and spirit to hold the agreement void? That these attorneys were faithful and capable in the discharge of the trusts confided to them is conceded. That they accomplished the purpose in view causing their employment is established clearly, and such a construction of the writing should not be indulged in as will deprive them of all compensation for their services, if susceptible of a different legitimate interpretation.

This record shows that the company had been investing the proceeds of bonds already issued in equipments for the road, and is one of the complaints made·by the appellees. That bonds have been issued and placed in possession of the company is admitted, and why by the terms of the agreement these appellees could not look to these bonds for payment, as well as any other bonds that might thereafter be issued, we cannot well see. Bonds had been issued based on a subscription so far as then appeared was legitimate and proper. These bonds were in the hands of the company, or at least this court will not presume that they were all disposed of and placed beyond the reach of the company with a knowledge of that fact on the part of the appellees, and on this state of fact the contract may as well be construed with reference to the bonds already issued as to those the subject of litigation.

The contract as made is not of itself champertous. The appellees were to take Washington county bonds at par, and while the appellees in an amended·petition go further in their statements than the contract itself, as to how they are to be paid, the court will nevertheless construe the contract as it is proven to exist, particularly when no champerty is pleaded or proven except the admission that is claimed was made in an amended petition filed by the appellees. It is true the result of the litigation, if favorable to the county court would have rendered all the bonds a nullity that had been previously

issued and in the hands of the corporation; but this incidental effect on bonds already issued that were not in fact in controversy will not justify the conclusion that their validity constituted a part of the litigation, and these parties, in agreeing to accept them, had made a champertous bargain.

While it is doubtful whether or not the appellees could have compelled the company to have paid them in bonds in the event it had tendered the money in lieu thereof, still, it cannot be questioned but that the corporation prior to the institution of this action could have tendered the bonds previously issued to them by the Washington County Court and compelled the appellees to accept them, and the mere fact that title to property already acquired may be or will be affected by a litigation should not be construed as involved in the result with a view of making a contract void, where the parties entered into it in good faith and with no view to violate the law. None of the parties regarded the contract as champertous, and while this may afford no argument for enforcing it, still it does affect the question when the court is invited to leave the contract unnoticed and construe its terms by an admission in the pleading. There was no instruction on this branch of the case below, and none asked or question raised until it reached this court, and while the admission in the attempted pleading is an attempted construction of the contract this court is not disposed to follow it for the purpose of determining an issue that was not raised below. The appellees were only allowed the value of the bonds agreed to be received, and we see no reason for disturbing the judgment, and the case is therefore *affirmed*.

*Russell & Arritt, Russell & Houston*, for appellants.

*W. B. Harrison, W. J. Lisle, William Lindsay, R. H. Rountree*, for appellees.